**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brainerd Mills Lodging Limited Partnership, a Minnesota partnership,

Plaintiff,

vs.

Holiday Hospitality Franchising Inc., a foreign corporation,

Defendant.

PAM/JGL
Civ. No. 00-1373

**STIPULATION, CONSENT JUDGMENT AND ORDER FOR DISMISSAL**

WHEREAS, pursuant to a License Agreement ("License Agreement") dated January 9, 1998, defendant Holiday Hospitality Franchising Inc. ("Holiday") and plaintiff Brainerd Mills Lodging Limited Partnership are parties to a franchise relationship, with Holiday as franchisor and Brainerd Mills as franchisee; and

WHEREAS, by written Notice dated December 9, 1998, Holiday advised Brainerd Mills that Brainerd Mills was in financial default of its obligations arising pursuant to the License Agreement, and that the License Agreement would be terminated on March 16, 1999 unless Brainerd Mills completely cured the default by February 12, 1999; and

WHEREAS, on April 19, 1999, the parties entered into a written forbearance agreement ("Forbearance Agreement") requiring Brainerd Mills to make scheduled payments applicable towards the past due monies Brainerd Mills owed Holiday pursuant to the License Agreement, and to pay Holiday the full amount of fees past due pursuant to the License Agreement by no later than September 15, 1999; and

WHEREAS, Brainerd Mills did not make all payments required pursuant to the Forbearance Agreement and did not pay Holiday the full amount of fees past due pursuant to the License Agreement by September 15, 1999;

WHEREAS, on November 23, 1999, the parties entered into a second written forbearance agreement ("Second Forbearance Agreement") requiring Brainerd Mills to make scheduled payments

FILED JUL 12 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

applicable towards the past due monies Brainerd Mills owed Holiday pursuant to the License Agreement, and to pay Holiday the full amount of fees past due pursuant to the License Agreement by no later than May 24, 2000; and

WHEREAS, beginning March 22, 2000, and continuing until May 24, 2000, Brainerd Mills failed to make five (5) scheduled payments required pursuant to the Second Forbearance Agreement; and

WHEREAS, by letter dated May 26, 2000, Holiday advised Brainerd Mills that the License Agreement would be terminated on June 2, 2000, due to Brainerd Mills' failures to make payments required pursuant to the Second Forbearance Agreement and to cure the Notice of Default of December 9, 1998; and

WHEREAS, on June 2, 2000, Brainerd Mills filed its Complaint and a Notice of Motion and Motion for Temporary Restraining Order in Minnesota District Court, Ninth Judicial District, Crow Wing County, seeking an order enjoining Holiday from terminating the License Agreement; and

WHEREAS, on June 2, 2000, Holiday timely removed the action from the Minnesota District Court to the United States District Court for the District of Minnesota; and

WHEREAS, on June 9, 2000, and pursuant to the parties' stipulation, the Court issued a written standstill order, for which, as a condition of the order's entry, Brainerd Mills has deposited the sum of $25,030.00 with the Clerk of Court; and

WHEREAS, a hearing on Brainerd Mills' motion for injunctive relief has been calendared for June 30, 2000, at 2:00 p.m., before Chief Judge Paul A. Magnuson.

THEREFORE, IT IS HEREBY STIPULATED and agreed between and among Brained Mills and Holiday, each acting through duly authorized counsel, that:

(1) Immediately upon the Court's execution of this Stipulation, Consent Judgment and Order for Dismissal, the Clerk of Court shall release the aforementioned sum of $25,030.00 to counsel for Holiday in the form of a check or similar instrument made payable to "Rider Bennett Egan & Arundel, LLP" (Tax ID # 41-0838582) (counsel for Holiday) at the following address:

James L. Forman, Esq.
Rider Bennett Egan & Arundel, LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402

Holiday shall apply $20,000.00 of this sum towards the sum of monies that are projected to be due and owing by Brainerd Mills to Holiday as fees and royalties accruing under the License Agreement for the month of June, 2000, and shall apply the remainder of $5,030.00 towards the monies past due and owing as a result of Brainerd Mills' financial default of the License Agreement.

(2) On or before July 18, 2000, Brainerd Mills shall pay Holiday by wire transfer the sum of $80,539.90 representing the remaining amount of monies, computed as of June 15, 2000, that are past due and owing to Holiday as a result of Brainerd Mills' financial default, plus or minus the difference, if any, in the projected sum of $20,000.00 and the actual sum of monies that shall be due and owing by Brainerd Mills to Holiday as fees and royalties accruing under the License Agreement for the month of June, 2000. Any failure by Brainerd Mills to comply with any of the terms of this paragraph shall be automatically deemed as an event of default under both the License Agreement and this Stipulation, Consent Judgment and Order for Dismissal and shall be grounds for immediate termination of the License Agreement by Holiday.

(3) For the remainder of the term of the License Agreement, Brainerd Mills shall make all payments to Holiday that are required under the License Agreement on or before these payments become due and owing on the fifteenth of each month after the month in which the fees and royalties accrue. Brainerd Mills shall make all payments due to Holiday under the License Agreement by wire transfer and Holiday shall have no obligation to accept any payments that are not made by wire transfer. Any failure by Brainerd Mills to comply with any of the terms of the first two sentences of this paragraph shall be deemed an event of default under the License Agreement. Any failure by Brainerd Mills to comply with any of the terms of the first two sentences of this paragraph for payments becoming due and owing under the License Agreement on or before September 19, 2000, shall be deemed an event of default under both the License Agreement and this Stipulation, Consent Judgment and Order for Dismissal and shall be grounds for immediate termination of the License Agreement by Holiday. Any future acceptance by Holiday of any payments made after they become due and owing, or, by any means other than wire transfer shall not be deemed as a waiver of Brainerd Mills' obligation to make any and all other payments required pursuant to the License Agreement in strict compliance with the terms of the first two sentences of this paragraph.

(4) On or before September 19, 2000, Brainerd Mills shall transfer to Holiday by wire the sum of $30,000.00. Holiday shall retain this sum in its possession. Any failure by Brainerd Mills to comply with any of the terms of the first sentence of this paragraph shall be automatically deemed an event of default under both the License Agreement and this Stipulation, Consent Judgment and Order for Dismissal and shall be grounds for immediate termination of the License Agreement by Holiday.

(5) In the event that Brainerd Mills should fail to make timely payment of any sums pursuant to the License Agreement that become due and owing to Holiday during the period beginning September 20, 2000, and continuing through March 15, 2001, Holiday may, at its sole discretion, apply any and all of the proceeds of the sum of $30,000.00 described in paragraph 4 of this Stipulation, Consent Judgment and Order for Dismissal towards any sums then due and owing to Holiday under the License Agreement, as a result of Brainerd Mills' said failure to make payments accruing during the period beginning September 20, 2000, and continuing through March 15, 2001.

(6) In the event that Brainerd Mills should fail to make timely payment of any sums arising under the License Agreement that become due and owing to Holiday during the period beginning September 20, 2000, and continuing through March 15, 2001, Holiday may, at its election, terminate the License Agreement upon five (5) business days' notice, provided that Brainerd Mills does not completely cure its failure to make timely payment, by wire transfer, within the aforesaid five (5) business days. Service of the (5) business days' notice shall be made by facsimile and Certified Mail to the following persons:

Mr. Perry Platisha
2115 So. Sixth Street, P.O. Box 608
Brainerd, MN 56401-0608
Fax: (218) 829-1444

and

Lindquist & Vennum, P.L.L.P.
c/o Joseph A. Thomson, Esq./James A. Lodoen, Esq.
4200 IDS Center
Minneapolis, MN 55402
Fax: (612) 371-3207

It shall be the sole obligation of the foregoing persons to advise Holiday in writing of any changes in the above-listed addresses or fax numbers. Service of the (5) business days' notice shall be effective upon completion of facsimile transmission of the notice to either of the foregoing persons at the fax numbers listed above, or, at alternate fax numbers of which Holiday has duly been advised in writing.

(7) Should Brainerd Mills fully cure its existing financial default as detailed in paragraphs 1-2 of this Stipulation, Consent Judgment and Order for Dismissal, and should it make timely payments of all sums of monies due Holiday as detailed in paragraphs 3-5 of this Stipulation, Consent Judgment and Order for Dismissal, Holiday shall apply the proceeds of the sum of $30,000.00 described in paragraph 4 of this Stipulation, Consent Judgment and Order for Dismissal towards the sum of monies that shall be due and owing by Brainerd Mills to Holiday on March 15, 2001 for fees and royalties accruing under the License Agreement for the month of February, 2001. The remainder of the aforementioned sum of $30,000 shall be retained by Holiday as remuneration for its attorneys' fees and costs incurred in this action.

(8) If the following conditions should occur: (1) Brainerd Mills fully cures its existing financial default as detailed in paragraphs 1-2 of this Stipulation, Consent Judgment and Order for Dismissal; (2) Brainerd Mills fails to make timely payments of all sums of monies due Holiday as detailed in paragraphs 3 and 5 of this Stipulation, Consent Judgment and Order for Dismissal; and (3) Holiday elects to exercise its right, as detailed in paragraph 5 of this Stipulation, Consent Judgment and Order for Dismissal, to apply all or part of the proceeds of the sum of $30,000.00 described in paragraph 4 of this Stipulation, Consent Judgment and Order for Dismissal towards any sums then due and owing to Holiday under the License Agreement; then the parties stipulate and agree that Holiday's reasonable attorneys' fees and costs accrued in this action equal the sum of $16,441.78, and that Brainerd Mills shall be legally responsible for payment of this entire sum to Holiday pursuant to the terms of the License Agreement and of this Stipulation, Consent Judgment and Order for Dismissal.

(9) If the following conditions should occur: (1) at any time while the sums owing by Brainerd Mills under paragraphs 1-5 of this Stipulation, Consent Judgment and Order for Dismissal remain unpaid Brainerd Mills files a petition or similar request for relief with any United States Bankruptcy Court; and (2) at the time of this bankruptcy filing, Brainerd Mills is in default of any

of its financial obligations to Holiday under the License Agreement or of this Stipulation, Consent Judgment and Order for Dismissal; then Brainerd Mills agrees not to oppose any motion that Holiday might bring before the Bankruptcy Court seeking the Bankruptcy Court's leave to terminate the License Agreement notwithstanding the pendency of Brainerd Mills' request for bankruptcy relief.

(10) Should Brainerd Mills fully cure its existing financial default as detailed in paragraphs 1-2 of this Stipulation, Consent Judgment and Order for Dismissal, and should it make timely payments of all sums of monies due Holiday as detailed in paragraphs 3-5 of this Stipulation, Consent Judgment and Order for Dismissal, then after March 15, 2001, and for the remainder of the term of the License Agreement, a strict interpretation of the License Agreement shall apply, and any failure by Brainerd Mills to make payments required by the License Agreement in accordance with both the License Agreement's terms and the terms of paragraph 3 of this Stipulation, Consent Judgment and Order for Dismissal shall entitle Holiday to immediately issue a Notice of Default and to take all steps necessary to terminate the License Agreement in accordance with the governing law.

(11) The parties understand and agree that nothing contained in this Consent Judgment and Order for Dismissal changes, alters or affects in any way Brainerd Mills' obligations pursuant to the License Agreement to adhere to Holiday's standards of quality. The parties further understand and agree that nothing contained in this Stipulation, Consent Judgment and Order for Dismissal relieves Brainerd Mills of any consequences that might incur should Brainerd Mills fail to satisfy its obligations pursuant to the License Agreement to adhere to Holiday's standards of quality.

(12) A judgment of dismissal with prejudice on the claims of this action may be entered immediately without further notice and, with the exceptions noted in paragraphs 7-8 of this Stipulation, Consent Judgment and Order for Dismissal, with each party to bear its own costs and attorneys' fees.

**LINDQUIST & VENNUM, PLLP**

By________________________
Joseph A. Thomson (170318)
Steven D. Kelley (229726)
Attorneys for Plaintiff
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 371-3211

**RIDER, BENNETT, EGAN & ARUNDEL**

By________________________
Stanley E. Siegel, Jr. (199552)
James L. Forman (167186)
Peter Gray (025809X)
Attorneys for Defendant
Suite 2000
333 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-8902

**ORDER**

The foregoing Stipulation is hereby approved and

**IT IS HEREBY ORDERED:**

1. That the Clerk of Court shall immediately release the sum of $25,030.00 to counsel for defendant for disbursal in accordance with the terms of paragraph 1 of this Stipulation, Consent Judgment and Order for Dismissal.

2. That a judgment of dismissal with prejudice be entered forthwith on all claims in the above action. With the exceptions noted in paragraphs 7-8 of this Stipulation, Consent Judgment and Order for Dismissal, each party shall bear its own costs and attorneys' fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**BY THE COURT:**

________________________
Honorable Paul A. Magnuson
United States District Judge

Dated: July 11, 2000.

::ODMA\PCDOCS\RIDER\544898\1